IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE OLIVER, in her role
as Guardian Ad Litem, and on behalf
of Anthony T.L. Casey, a minor,

        Plaintiff,

  vs.                                              CIVIL NO.  05-944 LFG/RHS

LAWRENCE D. CISNEROS, JANE
DOE #1, JARED ROUNDSVILLE,
and CHILDREN, YOUTH AND
FAMILIES DEPARTMENT OF
THE STATE OF NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## HOLDING RULING ON MOTION TO DISMISS IN ABEYANCE

THIS MATTER is before the Court on Defendant Lawrence D. Cisneros' Motion to Dismiss [Doc. 14]. The present motion concerns Plaintiff Catherine Oliver's ("Oliver") negligence claim against foster parent, Lawrence D. Cisneros ("Cisneros"). Pursuant to the New Mexico State Tort Claims Act ("TCA"), Cisneros is a "public employee" for purposes of defense and indemnification. NMSA 1978 § 41-4-3(F)(4) (public employees include "licensed foster parents providing care for children in the custody of the human services department . . . or department of health . . . .")

The minor child, T.L. Casey, is alleged to have been abused in the time frame between June and October 31, 2002. (Complaint, p. 3, ¶ 16). Defendants argue that under the TCA, the two-year statute of limitations bars Oliver's complaint. NMSA 1978 § 41-4-5.

Oliver acknowledges that the complaint was not filed within two years after the "date of occurrence resulting in [loss, injury or death]," but argues that the New Mexico Supreme Court

determined that a statute of limitations must still comport with due process so as to afford a "reasonable time for enforcement of the right at issue." Terry v. N.M. State Highway Commission, 98 N.M. 119, 122, 645 P.2d 1375, 1378 (1982). So, too, in Tafoya v. Doe, 100 N.M. 328, 331, 670 P.2d 582 (Ct. App.), *cert. quashed*, 100 N.M. 317 (1983), the New Mexico Court of Appeals held that a notice provision was void as violating a minor's right to due process because the time period was unreasonably short and the minor would have been unable to comply with the notice provision.

Oliver also asserts that the issue presently before the Court was previously certified to the New Mexico Supreme Court by the Honorable Bruce D. Black in Campos v. Davis et al., CIV 04-1336 BB/DJS (D.N.M. Aug. 19, 2005), and is pending before the State Supreme Court. Oliver asks this Court to stay its decision until the New Mexico Supreme Court issues a decisive opinion on this question of state law.

In reply to the motion, Cisneros agrees. He states:

> The parties correctly observe that the subject matter of Mr. Cisneros' Motion to Dismiss should await the New Mexico Supreme Court's ruling upon certification on the Constitutionality of the Tort Claim Act's statute of limitations. As the issue is currently under consideration by the New Mexico Supreme Court, Mr. Cisneros asks that this Court hold in abeyance his Motion to Dismiss until such time as the New Mexico Supreme Court issues it ruling.

(Reply, p. 1).

As this is a significant issue of New Mexico law and the issue is squarely before the New Mexico Supreme Court on certification by another judge of this district, the Court determines it is appropriate to hold in abeyance further action on this motion pending a ruling by the State's high court.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 14] is held in abeyance pending the Supreme Court decision in Campos.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge