IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE OLIVER, in her role
as Guardian Ad Litem, and on behalf
of Anthony T.L. Casey, a minor,

        Plaintiff,

vs.                                      CIVIL NO.  05-944 LFG/RHS

LAWRENCE D. CISNEROS, JANE
DOE #1, JARED ROUNDSVILLE,
and CHILDREN, YOUTH AND
FAMILIES DEPARTMENT OF
THE STATE OF NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CLAIMS AGAINST CYFD WITH PREJUDICE

THIS MATTER is before the Court on Defendant Children, Youth and Families Department's ("CYFD") Motion to Dismiss [Doc. 9]. Plaintiff Catherine Oliver ("Oliver") seeks to assert a claim against CYFD of the State of New Mexico under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. CYFD is a department of state government and is not a "person" under 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 70-71, 109 S. Ct. 2304 (1989)(neither a state nor its officials acting in their official capacities are "persons" under Section 1983). It is clear that Oliver's complaint against CYFD under 42 U.S.C. § 1983 must be dismissed with prejudice.

Oliver also attempts to assert claims against CYFD for assault and battery. This is an intentional tort. Benavidez v. United States, 177 F.3d 927, 930-31 (10th Cir. 1999). State tort claims brought against governmental entities in New Mexico are barred as a matter of law unless the

Legislature has waived immunity under provisions of the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.* *See also* Methola v. Eddy County, 95 N.M. 329, 331, 622 P.2d 234 (1980).

The State Legislature has not waived immunity for the specific tort Oliver assets. While the Legislature waived immunity for claims of assault and battery under § 41-4-12, immunity is waived only for claims brought against law enforcement officers acting within the course and scope of their duties. In this case, CYFD is not a law enforcement officer and immunity has not been waived.

Oliver has reviewed Defendant's motion [Doc. 9] and concedes that it is well-taken. Accordingly, the Court finds that the claims against CYFD should be dismissed with prejudice as CYFD is not a person under § 1983, nor has the Legislature waived immunity for the tort asserted under the New Mexico Tort Claims Act.

IT IS THEREFORE ORDERED that all claims against CYFD are dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge